PANISH | SHEA | RAVIPUDI LLP
BRIAN J. PANISH, State Bar No. 116060
  *panish@panish.law*
JESSE CREED, State Bar No. 272595
  *jcreed@panish.law*
BERNADETTE M. BOLAN, State Bar No. 305363
  *bbolan@panish.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MIKE THE PRINTER, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICOH, USA, INC., a Pennsylvania corporation; and DOES 1-100, inclusive.<br><br>　　　　Defendants. | Case No.<br><br>**NATIONWIDE CLASS ACTION COMPLAINT FOR VIOLATIONS OF**:<br><br>1. BREACH OF CONTRACT<br>2. UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)<br>3. COMMON LAW FRAUD<br>4. UNJUST ENRICHMENT<br>5. CONVERSION<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff MIKE THE PRINTER, INC. brings this action individually and on behalf of all others similarly situated ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

　　　1.　　This action arises out of an illegal scheme by RICOH USA, INC. ("Ricoh") to overcharge its customers in violation of its form agreement.  In essence, Ricoh sells printing equipment to its customers in exchange for fees based on a per-page charge.  Ricoh imposes a contractual ceiling of 15% on the annual increases to the per-page charge after an initial period,

1 but has adopted an internal, secret, and undisclosed policy of actually imposing 25% annual
2 increases on its customers.  This internal companywide policy is not only a blatant violation of the
3 contract Ricoh has with its customers, but also evinces a fraudulent intent not to perform the
4 contractual ceiling it agreed to from the inception of the contract.

5     2. Because Ricoh uses a form agreement with its customers and has admitted to
6 Plaintiff that it has adopted this internal policy inconsistent with the express language of its
7 contracts, Plaintiff brings a class action on behalf of himself and all others similarly situated for
8 breach of contract and unfair business practices.  For the reasons set forth below, this action is an
9 exemplar class action.  Ricoh is a multinational company with thousands of customers.  The
10 interpretation of the contractual ceiling in the form agreement and the application of Ricoh's
11 internal companywide policy will be questions of law or fact common to the class.  Plaintiff's
12 claims are typical of claims that could be brought by other customers of Ricoh to which the form
13 contractual ceiling and company policy have applied.

## JURISDICTION AND VENUE

15     3. Jurisdiction is proper under pursuant to 28 U.S.C. § 1332 because Plaintiff, a
16 California corporation, seeks relief on behalf of a Class, which will result in at least one class
17 member belonging to a different state than that of Defendants.  Defendant Ricoh is headquartered
18 in Pennsylvania.  Further, Plaintiff seeks at least $15,000 in damages which, when aggregated
19 among a proposed class in the thousands, exceeds the $5,000,000 threshold for federal court
20 jurisdiction

21     4. Venue with this Court, in the Central District of California, is proper under 28
22 U.S.C. § 1332 because Plaintiff is a resident of this District and a substantial portion of the acts or
23 omissions giving rise to the claims herein took place in this District.

## THE PARTIES

25     5. Plaintiff runs a local print shop that offers services printing a variety of products for
26 its customers including posters, postcards, flyers, brochures, labels, event tickets, banners, and
27 labels.  Plaintiff also offers services printing out items on standard 8.5 x 11 paper.  Plaintiff uses
28 industrial machines, including photocopiers and printers, to print large volumes of paper.

2
NATIONWIDE CLASS ACTION COMPLAINT

6. Ricoh touts itself as a global company with headquarters in Tokyo, Japan. Ricoh also has a United States division, headquartered in Exton Pennsylvania. Richo provides printing machines to its customers

**FACTUAL ALLEGATIONS**

The Parties' Agreement

7. Plaintiff entered into a written agreement with Ricoh on December 18, 2016 whereby Plaintiff purchased a copier machine from Rioch and Ricoh agreed to provide maintenance services for the machine, in exchange payment from Plaintiff, on an on-going basis (the "Agreement").

8. The initial term of the Agreement was a period of 60 months. Per the Agreement, Ricoh would provide maintenance services for the machine Plaintiff purchased and in exchange would charge Plaintiff $0.0030 per page for black and white copies and $0.0160 per page for color copies made on the machine. Ricoh agreed to bill Plaintiff for the maintenance services on a quarterly basis.

9. Further, the Agreement stated that after the initial term of the Agreement (60 months), Ricoh could raise its rates up to 15%, annually, from the preceding year's rates.

10. Unbeknownst to Plaintiff, Ricoh never had any intent to abide by the terms of the Agreement. Rather, Ricoh had an internal companywide policy and practice of increasing the charges by 25% annually irrespective of the terms of the Agreement, signifying its intent to breach the agreement at the time it was made, rendering the 15% ceiling on annual increases in the Agreement a false promise. From the inception of the Agreement, Ricoh planned to increase the charges by 25% annually, without renegotiating the Agreement or notifying Plaintiff of the impermissible change. Ricoh's purpose in doing so was to make the existing agreement so much more expensive that customers would feel pressured to purchase new equipment from Ricoh and enter into new service agreements with Ricoh.

11. The initial term of the Agreement ended in December 2021. Beginning in 2022, RICOH began charging Plaintiff at rates equal to 25% more than the rates charged during the Initial Term, in clear violation of the Agreement. In 2023, Ricoh began charging Plaintiff at rates

1 equal to 25% more than the rates charged in 2022, again in clear violation of the Agreement.  In
2 2024, Ricoh began charging Plaintiff at rates equal to 25% more than the rates charged in 2023,
3 again in clear violation of the Agreement.  In total, Ricoh overbilled and overcharged Plaintiff by
4 over $15,000.

5   12.   Ricoh told Plaintiff that the solution to the overcharges was not to reduce the
6 overcharge, but for Plaintiff to purchase a new machine, under a new contract, at a higher price,
7 enriching Ricoh further.

## CLASS ACTION ALLEGATIONS

13.   <u>The Class</u>.  Plaintiff brings this action on behalf of itself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as all persons within the United States who, during the Relevant Time Period, entered into a maintenance services contract with Ricoh whereby Ricoh agreed to charge a per-page rate for its services, agreed to limit its annual increases by a fixed percentage, and imposed annual increases higher than the fixed percentage.

14.   <u>Subclass</u>: Plaintiff brings this action on behalf of itself and all others similarly situated who are members of the Class and reside and/or transact business within the State of California ("California Subclass").

15.   The Relevant Time Period is defined as the maximum amount of time permitted by applicable law, including the extension of the statute of limitations by application of the doctrines of continuing violations or continuing wrongs.

16.   Defendants, their employees, and their agents, are excluded from the Class.

17.   Plaintiff does not know the exact number of the members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

/ / /
/ / /
/ / /
/ / /

18. <u>Numerosity</u>.  The Class is so numerous that the individual joinder of all members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members.  The number and identities of such persons are ascertainable and identifiable based upon the records created and/or maintained by Ricoh.

19. <u>Commonality and Predominance</u>.  There are multiple common questions of law and fact, the answers to which are apt to drive resolution of this case, and those common questions of law and fact predominate over any questions affecting only individual members.  The common questions of law and fact include but are not limited to:

    a. Whether Ricoh contracted with its customers to provide copying services at a per-page rate.

    b. Whether the terms of the agreement(s) Ricoh entered into with its customers restricted the amount by which Ricoh could annually increase the per-page rates it charged.

    c. Whether Ricoh unilaterally increased the amounts it charged its customers per page in excess of the amount allowed by the parties' contractual agreement.

    d. Whether members of the Class have incurred out of pocket losses as a direct result of Ricoh's unlawful practices.

    e. Whether Ricoh's practice of charging per-page rates in excess of what it has contractually agreed to charge is unlawful, unfair, fraudulent, or a deceptive business practice under California's Unfair Competition Laws.

20. <u>Superiority</u>.  A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Joinder of individual claims by all class members is impracticable.  Even if every member of each Subclass could afford to sue, the court system would be unnecessarily burdened by the influx of individual suits.  The prosecution of individual claims presents the potential for unfairness as a result of inconsistent or contradictory judgments.  No litigation concerning this controversy has already begun by any class or Subclass member.  By contrast, the class action will efficiently adjudicate this controversy by resolving common

questions of law and fact, supporting economies of scale, and consolidating the claims under the supervision of a single court. Plaintiff and its counsel are aware of no difficulties in managing a class action. Proper notice to the class is reasonably feasible. Members of the Class are readily identifiable and can be notified based on available information, including Ricoh's business records.

21. <u>Typicality</u>. Plaintiff's claims are typical of the those belonging to the members of the Class. Plaintiff's claims are typical of the Class because Plaintiff is a business that provides printing services using Ricoh printing machines and has contracted to pay Ricoh for maintenance services of those machines based on a per-page rate.

22. <u>Adequacy of Representation</u>. Plaintiffs has no interest that is adverse to, or which conflicts with, the interests of the Class, and it is able to, and will, adequately and fairly represent the interests of the Class members. Moreover, Plaintiff has retained highly qualified, experienced, and competent counsel to prosecute the claims of the Class members, and intends to prosecute the claims vigorously. The interests of the members of the class action will be fairly and adequately protected by Plaintiff and its counsel.

23. <u>Rule 23(b)(2) Class</u>. Ricoh has acted or refused to act on grounds that apply generally to the Class, so that final injunctive or declaratory relief is appropriate with respect to the Class as a whole.

24. Plaintiff reserves the right to amend the definitions of the Class and/or add subclass(es) and to amend the class action allegations stated herein.

**<u>CLAIMS FOR RELIEF</u>**

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

**(On Behalf of Entire Class)**

25. Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

26. Plaintiff and other members of the Class entered into a written form agreement (the "Agreements") with Ricoh whereby, *inter alia*, Ricoh agreed to provide maintenance services for

1  a Ricoh machine, in exchange for quarterly payments at a per-page rate. The Agreements are

2  identical or substantially similar to each other in all material respects.

3      27.    The Agreements stated that after an initial term, Ricoh could raise its per-page rates

4  up to a contractual ceiling (in the case of Plaintiff, it was 15%, annually), from the preceding

5  year's rates.

6      28.    After the initial term, Ricoh had a policy and practice of unilaterally raising rates

7  by a percentage in excess of the contractual ceiling, overcharging and overbilling its customers,

8  including Plaintiff.

9      29.    Ricoh breached the Agreements by unilaterally raising the per page rates for both

10 black and white and color copies in excess of the annual contractual ceiling expressly set forth in

11 the Agreements.

12     30.    Ricoh's breach has caused Plaintiff and members of the Class compensatory

13 damages by having paid higher prices for equipment services than they were contractually

14 obligated to pay.

15     31.    Ricoh breached its implied duty of good faith and fair dealing imposed on all its

16 Agreements by intentionally overcharging and overbilling its customers in excess of the annual

17 contractual ceiling on rate increases. Ricoh has thereby prevented Plaintiff and members of the

18 Class from receiving the benefit of their contractual bargains.

**SECOND CAUSE OF ACTION**

**(Unfair Competition; Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

**(On Behalf of California Subclass)**

22     32.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged,

23 as if fully set forth herein.

24     33.    This claim is brought on behalf of the California Subclass.

25     34.    California Business & Professions Code § 17200 *et seq*., also known as the

26 California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any

27 unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive,

28 untrue or misleading advertising."

35. Ricoh's acts, conduct, and practices as alleged above are unfair. Ricoh's policy and practice of unilaterally increasing its annual per-page rates beyond the amounts agreed to by contract; refusing to abide by the terms of the contracts entered into; and strong arming customers into purchasing new machines is directly detrimental to Plaintiff and others similarly situated, and it something that cannot not be avoided by Plaintiff.

36. In addition to being unlawful and unfair, Ricoh's acts, conduct, and business practices as alleged above are fraudulent and/or deceptive. Upon information and belief, Ricoh knowingly enters into contractual agreements with customers knowing that it will increase the annual per-page rates beyond what is permitted under the contract. Ricoh lures customers into long term agreements through these false promises to cap the annual increase in per-page fees, and then, once a customer has become reliant on Ricoh's services and terminating the relationship would be disruptive, Ricoh refuses to honor the terms of the agreement, and attempts to strong arm customers to paying for newer and more expensive machines.

37. As a direct and proximate result of Ricoh's unlawful, unfair and fraudulent business practices, Plaintiff and the members of the California Subclass have been injured in fact.

38. Ricoh's unlawful, unfair and fraudulent business practices as alleged above present a continuing threat to Plaintiff, the California Subclass, and members of the public because Ricoh persists and continues to engage in such practices and will not cease doing so unless enjoined or restrained by this Court.

39. Under California Business & Profession Code § 17203, Plaintiff, on behalf of itself, California Subclass members, and members of the general public, seeks an order of this Court:

    a. Enjoining Ricoh from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by California Business Code § 17200 *et seq.*; and

    b. Restoring all monies that may have been acquired by Ricoh as a result of such unlawful, unfair or deceptive acts or practices.

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (Common Law Fraud)

### (On Behalf of Entire Class)

40. Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

41. Ricoh's Agreements provided that it would not increase per-page rates for equipment services in excess of an annual contract ceiling set forth in the Agreements.

42. Ricoh did not intend to perform its promise in the Agreements with Plaintiff and other members of the Class of contractually limiting annual increases after the initial term at the time Ricoh made it. Ricoh had a policy and practice of overcharging Plaintiff and other members of the class in excess of the contractual annual limit on rate increases.

43. Ricoh delivered invoices to Plaintiff and other class members representing that Plaintiff and other Class members had owed Ricoh under the Agreements in accordance with the terms of the Agreement and that the amounts listed on the invoice accurately reflected the amounts owed to Ricoh under the Agreements.

44. Ricoh knew that its representation of the amounts owed on the invoices was false when Ricoh made it or made the representations recklessly and without regard for its truth. The false amounts were false representations of what was owed to Ricoh.

45. Ricoh intended that Plaintiff and other class members relied on the representation in order for Plaintiff and other Class members to make the payment in accordance with Ricoh's false invoices.

46. By the fact of making payment to Ricoh for the false amounts on the false invoices, Plaintiff and other Class members reasonably relied on Ricoh's false invoices.

47. Plaintiff and other members of the Class were harmed by Ricoh's false invoices.

48. Plaintiff and other members of the Class's reliance on Ricoh's false invoices was a substantial factor in causing harm to Plaintiff and other members of the Class.

49. Ricoh has acted with fraud and malice deserving of punitive damages as a result of the aforementioned conduct.

## FOURTH CAUSE OF ACTION

**(Unjust Enrichment)**

**(On Behalf of Entire Class)**

50. Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

51. Ricoh received a benefit from Plaintiff and other members of the Class at the expense of Plaintiff and other members of the Class by billing, invoicing, collecting, receiving, and accepting payments to which it was not contractually entitled, to wit, payments in excess of the annual limit on per-page rate increases established by the Agreements.

52. It would be unfair and unjust for Ricoh to keep the benefit under the circumstances alleged in this complaint. Equity requires disgorgement to prevent Ricoh from benefiting from the retention of the Plaintiff's and Class members' property.

53. Plaintiff and Class members seek an order directing Ricoh to return the benefit Ricoh unjustly procured, received, and retained from the unlawful conduct alleged herein.

## FIFTH CAUSE OF ACTION

**(Conversion)**

**(On Behalf of Entire Class)**

54. Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

55. Plaintiff and other Class members owned and possessed the money they overpaid to Ricoh.

56. Ricoh substantially interfered with the funds of Plaintiff and other Class members by knowingly or intentionally taking possession of the funds without a lawful basis for doing so and procuring such funds by unlawful means.

57. Plaintiff and other Class members did not consent to Ricoh's receipt of such overpaid funds.

58. Plaintiff and other Class members were harmed by overpaying for services to which Ricoh was not contractually entitled.

59. Ricoh's conduct was a substantial factor in causing harm to the Plaintiff and other Class members.

60. Plaintiff and Class members seek an order directing Ricoh to return the overpaid funds.

**PRAYER FOR RELIEF**

Plaintiff, on its own behalf and on behalf of the Class, respectfully prays for judgment against RICOH as follows:

1. For an Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

2. Designate and appoint Plaintiff as Class Representative;

3. Appoint Plaintiff's counsel of record as Class Counsel;

4. Enter judgment against Ricoh and in favor of Plaintiff and the Class for all causes of action;

5. Enter injunctive relief requiring Defendants to cease their unlawful, unfair, and/or deceptive business practices;

6. Order Ricoh to disgorge all amounts that it has improperly received and retained through the misconduct alleged herein;

7. Award Plaintiff and the Class all compensatory damages for Ricoh's unlawful conduct available under all causes of action;

8. Award Plaintiff and the Class punitive damages for Ricoh's unlawful conduct;

9. Award pre-judgment and post-judgment interest to the extent required by law;

10. Award Plaintiff reasonable attorneys' fees and costs to the extent permitted by law'

11. Grant appropriate declaratory relief; and

/ / /

/ / /

/ / /

/ / /

/ / /

12. Grant such further relief as the Court deems appropriate.

DATED: September 23, 2024　　　　PANISH | SHEA | RAVIPUDI LLP

By: _____
Brian J. Panish
Jesse Creed
Bernadette M. Bolan
Attorneys for Plaintiffs

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury as to all issues so triable in this matter.

DATED: September 23, 2024                PANISH | SHEA | RAVIPUDI LLP

By: _____
Brian J. Panish
Jesse Creed
Bernadette M. Bolan
Attorneys for Plaintiffs